Robert P. Franke
State Bar No. 17371200
Melissa L. Gardner
State Bar No. 24044526
STRASBURGER & PRICE L.L.P.
901 Main St., Suite 4400
Dallas, Texas 75202
(214) 651-4300
(214) 651-4330 (Fax)

Scott Shanes
State Bar No. 00784953
STRASBURGER & PRICE, L.L.P.
2801 Network Blvd., Suite 600
Frisco, Texas 75034-1872
(469) 287-3900
(469) 287-3999 (Fax)

ATTORNEYS FOR LEGACYTEXAS BANK

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| IN RE:<br><br>LINKSIDE PARK, LTD,<br><br>    Debtor. | §<br>§<br>§ Chapter 11<br>§<br>§ Case No. 10-40070<br>§<br>§<br>§ |

### LEGACYTEXAS BANK'S MOTION FOR RELIEF FROM AUTOMATIC STAY

**NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

**TO THE HONORABLE COURT:**

LegacyTexas Bank ("Legacy"), a creditor of Linkside Park, Ltd. ("Debtor") files this Motion for Relief From Automatic Stay and in support thereof would respectfully show:

## JURISDICTION

1. This Court possesses jurisdiction over the instant matter pursuant to 28 U.S.C. §§ 1334 and 157 (b)(2)(A) and (G) and 11 U.S.C. § 362. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

2. On January 4, 2010, the Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, et seq. The Debtor has continued to manage its property as a Debtor-in-Possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. The Debtor's business consists of the ownership of a tract of real property and improvements located in Collin County, Texas ("Real Property"). The Debtor filed its case as a Single Asset Real Estate as defined in 11 U.S.C. § 101(51B).

3. Legacy is a creditor holding a claim secured by the Real Property.

4. On or about March 29, 2006, Legacy made a loan to the Debtor in the original principal amount of $7,275,000 as evidenced and governed by the Construction Loan Agreement dated March 29, 2006 ("Construction Loan Agreement"). A copy of the Construction Loan Agreement is attached hereto as Exhibit A. The principal amount of said loan was subsequently increased to $8,475,000 on or about April 16, 2007.

5. The obligation of the Debtor to Legacy is evidenced by a Promissory Note dated March 29, 2006 in the principal amount of $7,275,000 ("Promissory Note"). A copy of the Promissory Note is attached hereto as Exhibit B. On or about April 16, 2007 the Debtor and Legacy executed a Loan Renewal, Extension and Modification Agreement whereby the

Promissory Note was amended, restated and increased to $8,475,000 ("Loan Renewal").  A copy of the Loan Renewal is attached hereto as Exhibit C.

6. In connection with the execution of the Promissory Note, the Debtor executed and delivered a Deed of Trust (with Security Agreement and Assignment of Rents) (as amended, the "Deed of Trust") dated March 29, 2006.  Whereby the Debtor granted Legacy a first lien on the Real Property and improvements, assigned all of its right title and interest in all rents from the Real Property to Legacy and further granted Legacy a security interest in substantially all of the Debtor's personal property ("Collateral").  The Deed of Trust was recorded in the real property records of Collin County, Texas.  A copy of the Deed of Trust is attached hereto as Exhibit D.

7. Further in connection with the execution of the Promissory Note and Deed of Trust, the Debtor executed and delivered an Assignment of Rents and Leases ("Assignment of Rents") which was also recorded in the real property records of Collin County, Texas.  A copy of the Assignment of Rents is attached hereto as Exhibit E.

8. The Debtor defaulted under the terms of the Loan Agreement, Promissory Note, Loan Renewal and Deed of Trust.  On or about August 13, 2009, Legacy notified the Debtor that it elected to accelerate the maturity the Promissory Note and the entire unpaid balance of the indebtedness together with all accrued unpaid interest was due and owing and thereafter posted the Real Property for non-judicial foreclosure on October 6, 2009.

9. On or about August 1, 2009, Legacy and the Debtor entered into a Forbearance Agreement ("Forbearance Agreement").  A copy of the Forbearance Agreement is attached hereto as Exhibit F.  As provided in the Forbearance Agreement, Legacy agreed to refrain from foreclosing on the Real Property on October 6, 2009 if the Debtor would do certain things as outlined in the Agreement including, the delivery of a detailed plan to recapitalize the Debtor and develop the Real Property satisfactory to Legacy prior to the expiration of the forbearance period.

10. The forbearance expired and the Debtor failed to perform as agreed. In a letter dated December 28, 2009, Legacy advised the Debtor that it was exercising its rights under the Assignment of Rents, revoking the license held by the Debtor to collect rents, and directing that all future rents payments should be made to Legacy. A copy of the letter is attached hereto as Exhibit G.

11. The Debtor was in default under the terms of the Loan Agreement, Promissory Note and Loan Renewal at the time of the bankruptcy filing and the Real Property was posted for non-judicial foreclosure on January 5, 2010.

### RELIEF REQUESTED

12. The automatic stay should be lifted pursuant to § 362(d)(2) of the Bankruptcy Code because the Debtor has no equity in the Real Property and because the Real Property is not necessary for the effective reorganization of the Debtor because the Debtor cannot reorganize. The Real Property can not generate sufficient income to fund a plan.

13. As reflected in the schedules filed by the Debtor in this case, the claim held by Legacy exceeds the value of the Real Property by approximately $900,000. Estimated ad valorem taxes for 2009 are $149,000. Further, Legacy believes that there are mechanic's and materialman's lien filed on the Real Property in connection with the various disputes with contractors identified in the schedules.

14. It is anticipated the Debtor will propose a plan under which it will continue to own and operate the Real Property as it did prepetition while seeking a purchaser. The Real Property is improved with a retail strip center and a 3-story garden office building. The Real Property is not fully leased. The plan is not feasible. The income from the Real Property is not sufficient to meet operating expenses, pay for ad valorem taxes, service the secured debt and fund the plan. There have been no offers made to the purchase of the Real Property and based on the current economic climate none are expected.

15. Cause exists under § 362(d)(1) to lift the automatic stay because Legacy is not adequately protected.

16. The Debtor was in default under the terms of the Loan Agreement, Promissory Note and Loan Renewal at the time of the filing having filed to make payments under the Promissory Note and breached the Forbearance Agreement. The Debtor was originally posted for foreclosure and the Assignment of Rents was enforced. There is no evidence that the Real Property is adequately insured.

17. If the automatic stay is not lifted, continued possession of the Real Property by the Debtor should be conditioned on Legacy's interest in the Real Property being adequately protected.

18. Under the circumstances, adequate protection of Legacy's interest in the Real Property from and after the petition should, at a minimum, include the following:

   a. Insurance being maintained for the Real Property with Legacy being named as a loss payee;

   b. Taxes related to the Real Property being paid and/or reserved for;

   c. Monthly adequate protection payments being made to Legacy to compensate it for any loss; and

   d. Provide for the lifting of the automatic stay automatically if the Debtor fails to meet the requirements imposed by § 362 (b)(3) of the Code.

WHEREFORE, LegacyTexas Bank prays that, after notice and hearing, this Court enter an order lifting the automatic stay provided by § 362 of the United States Bankruptcy Code, permitting LegacyTexas Bank to pursue its legal remedies against the Debtor and enforce its lien against the Debtor; and enforce its lien against the Real Property and improvements described in the Deed of Trust and the Collateral; or alternatively, enter an order granting LegacyTexas Bank adequate protection and for such other further relief to which it may show itself justly entitled.

Dated: January 27, 2010.

                               Respectfully submitted,

                               */s/ Robert P. Franke*
                               Robert P. Franke
                               State Bar No. 17371200
                               Melissa L. Gardner
                               State Bar No. 24044526
                               STRASBURGER & PRICE L.L.P.
                               901 Main St., Suite 4400
                               (214) 651-4300
                               (214) 651-4330 (Fax)

                               Scott Shanes
                               State Bar No. 00784953
                               STRASBURGER & PRICE, L.L.P.
                               2801 Network Blvd., Suite 600
                               Frisco, Texas 75034-1872
                               (469) 287-3900
                               (469) 287-3999 (Fax)

                               ATTORNEYS FOR LEGACYTEXAS BANK

## CERTIFICATE OF CONFERENCE

This certifies that on January 22, 2010 the undersigned attempted to contact Michael Myers, counsel for Debtor. I left a message for Michael Myers to call me regarding the foregoing Motion. As of the time of filing, Michael Myers and I have not spoken. Accordingly, I assume the relief requested would be opposed.

                               */s/ Robert P. Franke*
                               Robert P. Franke

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon all parties that are registered or otherwise entitled to receive electronic notices via electronic notification pursuant to the ECF procedures in this District on this 27th day of January, 2010.

*/s/ Robert P. Franke*
Robert P. Franke